IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3118 |
| vs. | |
| LIEP KEK YIEL, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 156) and filed a motion for variance (filing 157).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has objected to the presentence report in several respects.

(a)     First, the defendant objects to several paragraphs of the presentence report that simply quote the operative indictment. Filing 156 at 1. Specifically, because the defendant was only one member of a conspiracy, he objects to overt acts alleged in the indictment that he says were beyond the scope of the his participation. Filing 156 at 1. The Court finds this objection to be without merit—the presentence report accurately relates the indictment, and the charge to which the defendant pleaded guilty. The Court also notes that this objection doesn't affect the advisory guidelines range.

(b)     Next, the defendant objects to several paragraphs of the presentence report finding him responsible for more than two

firearms, and assessing a two-level enhancement to the offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(A). Filing 156 at 1-2, 4-5. The government concedes that objection. Filing 159 at 3. Accordingly, the Court's tentative finding is that the defendant's objection has merit, reducing the offense level by two.

(c)     Similarly, the defendant objects to several paragraphs of the presentence report finding him responsible for a stolen firearm, and assessing a two-level enhancement to the offense level pursuant to § 2K2.1(b)(4)(A). Filing 156 at 2-3, 5-6. Again, the government concedes the objection. Accordingly, the Court's tentative finding is that the objection has merit, reducing the offense level by two.

(d)     Next, the defendant objects to a paragraph of the presentence report attributing conduct to the defendant's co-conspirators. Filing 156 at 3. The government, as the Court understands it, doesn't intend to present evidence to substantiate the allegations—but, the Court also notes, the alleged conduct doesn't affect the guidelines range. To the extent necessary, the Court will resolve this matter at sentencing.

(e)     The defendant objects to the base offense level of 20, which was based in part on the involvement in the offense of a "semiautomatic firearm that is capable of accepting a large capacity magazine." Filing 156 at 4; *see* § 2K2.1(a)(4)(B). The government simply points the Court to the plea agreement, asserting that the "stipulation is clear that one of the two agreed guns was a large capacity gun with an extended clip." Filing 159 at 4. But the only reference to a gun's

capacity or magazine is the description of a Polymer 80 ghost gun as a "black semiautomatic handgun with an extended magazine." Filing 129 at 4.

The plea agreement is not as clear as either party insists. It refers to three guns specifically:

i. A loaded Taurus Spectrum .380 handgun in Tilian John Tilian's pocket when he and the defendant were subjected to a January 14, 2022 traffic stop,

ii. A loaded Remington RP .45 caliber handgun that the defendant knew was in the center console of the vehicle during that traffic stop, and

iii. The Polymer 80 ghost gun, which was discarded by an unknown individual who fled a police encounter on April 8, 2022, who the defendant may have been (but denied) accompanying.

The defendant insists that the two firearms agreed upon are the Taurus and the Remington. Filing 156 at 4. The government apparently believes the Polymer 80 was stipulated to (perhaps instead of the Taurus). *Cf.* filing 159 at 4. The change of plea hearing provides no clarity on the point. Filing 143 at 16, 20.

But the Court agrees that, at least based on the factual basis in the plea agreement, there's not enough to tie the Polymer 80 to the offense of conviction. The agreed-to factual basis simply establishes that the defendant may have been in the presence of another unidentified person, who fled from police and discarded

the weapon. Even if, from that, the Court was willing to infer the defendant's constructive possession of the weapon, there's nothing to tie that conduct to the conspiracy or its relevant conduct. Accordingly, absent additional evidence from the government, the Court will find that the defendant's objection on this point also has merit, which would reduce the base offense level from 20 to 14.

(f)     Next, the defendant objects to the presentence report's failure to adjust the offense level based on his role in the offense pursuant to U.S.S.G. § 3B1.2. Filing 156 at 5. Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). The defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is his burden to establish both that he is a "minor participant by comparison with other participants *and* by comparison with the offense for which he or she is accountable." *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir. 2019). The Court considers, among other things,

> (i)     the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)   the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]

(v)   the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2 cmt. n.3(C). The Court will resolve this issue at sentencing.

(g)   Finally, the defendant objects to the assessment of two criminal history points for committing the instant offense while under a criminal justice sentence. Filing 156 at 6. He argues that his probation, according to the presentence report, was terminated in June 2021, but he didn't join the conspiracy until January 2022. Filing 156 at 6.

The plea agreement is, again, less than helpful. But this time, it's the defendant who needs the help. The factual basis for the plea identifies no specific instances in which the defendant was involved in the conspiracy before January 14, 2022. *See* filing 129. But it doesn't rule out his participation either, and unless the defendant was extremely unlucky, it seems unlikely he was subjected to a traffic stop on his very first day on the job. *See* filing 129 at 4. On this point, the change of plea hearing *does* provide (at least a little) more:

THE COURT: Between January 3rd of 2021 and September 18th of 2022, were you in Nebraska?

THE DEFENDANT: Yes.

THE COURT: Were you, along -- did you know Duop Kek Yiel, Muminfidadya Kuwa, and Tilian John Tilian?

THE DEFENDANT: Yeah.

THE COURT: Did you along with those people enter in an agreement to buy and sell marijuana?

THE DEFENDANT: Yes.

THE COURT: Did you know that what you were doing was buying and selling marijuana?

THE DEFENDANT: Yes.

THE COURT: Did you do it with the -- did you possess, with the intent to distribute, marijuana?

THE DEFENDANT: Yes.

THE COURT: And did you buy from some and resell to others during that period of time?

THE DEFENDANT: Yes.

And the fact remains that the defendant pleaded guilty to joining a conspiracy that began on or about January 3, 2021, and continued to on or about September 18, 2022. Filing 1 at 1; filing 129 at 2.

In the absence of any further evidence, the Court finds that the defendant's plea of guilty to conspiring "[b]eginning on or about January 3, 2021, and continuing to on or about September 18,

2022," filing 1 at 1, and the factual basis for that plea, is sufficient to establish that the offense overlapped with a criminal justice sentence ending on June 2, 2021. The Court's tentative finding is that this objection lacks merit.

The objections conceded by the government, assuming no other adjustments, result in a total offense level of 21 and a criminal history category II, with an advisory guidelines range of 41-51 months' imprisonment. Sustaining the defendant's objection to the base offense level would result in a total offense level of 15, putting the guidelines range at 21-27 months' imprisonment. Any further adjustment to the offense level or criminal history category will be finally resolved at sentencing.

3.  The defendant has also moved for a downward variance based on his personal circumstances and the circumstances of the offense. *See* filing 158. That motion will be resolved at sentencing.

4.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 31st day of October, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge