IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LIEP KEK YIEL,<br><br>Defendant. | 4:22-CR-3118<br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon initial review of Liep Kek Yiel's motion to vacate under 28 U.S.C. § 2255. Filing 214.[1] The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled

[1] The defendant did not withdraw his motion after being advised that the Court would construe it as a § 2255 motion. *See* filing 215; filing 218.

to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was indicted in 2022 on several counts, most pertinently conspiring to possess firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(o). Filing 1 at 1-3. He pled guilty to that charge pursuant to a plea agreement. Filing 128; filing 129; filing 143; filing 146. He was sentenced to a term of 40 months' imprisonment followed by 3 years of supervised release. Filing 166. His supervised release was revoked in March of this year, and he was sentenced to 6 months' imprisonment followed by 24 months of supervised release. Filing 243. He returned to supervised release on June 23, and last week, a petition was filed alleging violation of the conditions of that supervised release. Filing 250. Because he is still on supervised release, he remains "in custody" for purposes of § 2255. *See Masten v. United States*, 752 F.3d 1142, 1146 n.2 (8th Cir. 2014).

## DISCUSSION

The defendant's sole argument is that the statute pursuant to which he was convicted violates the Second Amendment pursuant to *New York State*

*Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022).[2] The Court finds no merit to that argument.[3]

The Supreme Court explicitly recognized an individual right to keep and bear arms in *Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008). In *Bruen*, the Court clarified how to identify the constitutional protections of the Second Amendment:

> [W]e hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may

---

[2] The Court understands the defendant's motion to be asserting a facial challenge to § 924(o). He waived an as-applied challenge by pleading guilty. *United States v. Deng*, 104 F.4th 1052, 1054 (8th Cir.), *cert. denied,* 145 S. Ct. 348 (2024). And even to the extent he can raise an as-applied challenge, the only individual circumstances he identifies are that he was not (previously) a convicted felon, he (allegedly) didn't play a part in a drug trafficking offense, and he professes to be non-violent. *See* filing 214 at 2, 5. But for the reasons explained below, the Court finds that the statute is constitutional as applied to persons who conspire to possess firearms in furtherance of drug-trafficking crimes, regardless of any of the defendant's other individual circumstances. *Cf. United States v. Cooper*, 127 F.4th 1092, 1098 (8th Cir. 2025), *cert. denied,* 146 S. Ct. 348 (2025).

[3] The Court assumes without deciding that the defendant's motion was timely, *but see* § 2255(f), and that he didn't waive this collateral attack in his plea agreement, *but see, e.g.*, *United States v. Martin*, No. 23-CR-279, 2026 WL 962922, at *2 (D. Minn. Apr. 9, 2026).

> a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

597 U.S. at 17. (quoting *Konigsberg v. State Bar of Cal.,* 366 U.S. 36, 50 (1961)).

*Bruen* inspired a surge of constitutional challenges to federal gun regulations. But the contention that § 924(o) is unconstitutional has no support.[4] The Second Amendment protects "a personal right to keep and bear arms *for lawful purposes*[.]" *McDonald v. City of Chi.*, 561 U.S. 742, 780 (2010) (emphasis supplied). Accordingly, it has been consistently held that the federal firearms statute prohibiting possession of firearms in furtherance of drug trafficking crimes is facially constitutional. *United States v. Bol*, No. 24-2529, 2025 WL 785015, at *1 (8th Cir. Mar. 12, 2025).

> An individual who uses a firearm "in relation to any crime of violence or drug trafficking crime" or "in furtherance of any such crime, possesses a firearm" as proscribed by § 924(c)(1)(A) is not bearing arms *for a lawful purpose.* Indeed, such a person is specifically bearing arms to promote unlawful ends. The individual's conduct is, therefore, not the type of conduct encompassed within the Second Amendment right.

---

[4] The Court assumes, without deciding, that the conduct proscribed by § 922(o) falls within the scope of the Second Amendment. *See United States v. Hemani*, 146 S. Ct. 1677, 1685 (2026). Prohibiting a conspiracy to possess firearms at least arguably burdens conduct protected by the Second Amendment, even if a conviction doesn't strictly require actual possession of a firearm. But, the Court notes, the factual basis for the defendant's plea in this case at most places him in constructive possession of a firearm in the center console of a vehicle in which he was a passenger. *See* filing 129 at 2-5; filing 143 at 16-17.

*United States v. Underwood*, 129 F.4th 912, 929 (6th Cir.), *cert. denied,* 146 S. Ct. 269 (2025). Furthermore,

> [t]he founders presumed they could regulate the use of weapons in the furtherance of criminal activity. And, at the very least . . . the founders presumed that they could regulate the use of weapons for dangerous ends, and drug dealing is dangerous. There is no reason to suppose, therefore, that regulating the use of firearms as associated with the criminal drug trade offends the Second Amendment.

*Id*. at 930 (citation omitted); *accord Bol*, No. 24-2529, 2025 WL 785015, at *1; *Davis v. Warden, FCI Sandstone*, No. 24-CV-4174, 2025 WL 3177522, at *4 (D. Minn. May 20), *report and recommendation adopted*, 2025 WL 3020046 (D. Minn. Oct. 29, 2025); *United States v. Francis*, No. 4:23-CR-3045, 2025 WL 754164, at *5 (D. Neb. Mar. 10, 2025), *aff'd*, No. 25-1678, 2026 WL 2041564 (8th Cir. July 15, 2026). The same is equally true of conspiring to engage in that conduct. Accordingly, the Court finds no merit to the defendant's sole argument that his conviction should be set aside.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate

that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 214) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

Dated this 13th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge